# Osterman, Appellant, *v.* Patterson.

*Equity—Finding of fact—Evidence—Deed—Undue influence.*

A finding of fact by the court below in an equity case that a deed was not procured by coercion or undue influence will not be reversed by the Supreme Court where there is sufficient evidence to sustain the finding, and the record discloses no manifest error.

Argued Oct. 17, 1907. Appeal, No. 110, Oct. T., 1907, by plaintiffs, from decree of C. P. Armstrong Co., June T., 1905, No. 80, dismissing bill in equity in case of Sarah Osterman, by her Guardian, W. A. McAdoo, v. Lucy R. Patterson et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to set aside a deed made by Mrs. Sarah Osterman to the defendants, her three daughters, on October 5, 1904.

The complainant alleged that the deed was procured by coercion and undue influence.

The court in an opinion by PATTON, P. J., found as a fact that there was no coercion or undue influence, and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*J. W. King* and *H. L. Golden* and *W. A. McAdoo,* for appellant.

*Geo. M. Hill, W. J. Christy* and *R. A. McCullough,* for appellees, were not heard.

PER CURIAM, November 4, 1907:

The learned judge below after a careful review and summary of the evidence concludes " In our opinion the deed in dispute was voluntarily made, without coercion or undue influence, by a person fully conscious of what she was doing." In this we concur.

Decree affirmed.